```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION
```

```
SHARIF TARIQ                   :    HABEAS CORPUS
(a/k/a Robert Lewis Duffey),   :    28 U.S.C. § 2254
GDC No. 514054,                :
     Petitioner,               :
                               :
     v.                        :    CIVIL ACTION NO.
                               :    1:13-CV-612-TWT-ECS
GLEN JOHNSON, Warden,          :
     Respondent.               :
```

**FINAL REPORT AND RECOMMENDATION**

Proceeding <u>pro se</u>, state inmate Sharif Tariq filed a petition for habeas corpus under 28 U.S.C. § 2254 that stated claims in wholly conclusory language without any supporting facts and that appeared on its face to be time-barred because it relates to a two-decade old conviction, without any indication that Mr. Tariq ever acted to toll the time for seeking federal post-conviction relief. <u>See</u> [Doc. No. 1].  Accordingly, the undersigned directed Mr. Tariq to file an amended habeas petition that "(1) state[d] all of his grounds for relief and (2) identifie[d] all the facts that support those grounds for relief" and further to "submit with his amended petition a brief that set[] forth fully the factual and legal basis - including all grounds for statutory or equitable tolling - upon which Mr. Tariq contends his federal habeas petition is not time-barred."  [Doc. No. 3 at 3].  The undersigned expressly cautioned

Mr. Tariq that failure to comply fully with that Order might result in dismissal of this case. [Id. at 4].

In his amended petition, Mr. Tariq merely copied the grounds for relief and "supporting facts" he included in his original petition without any further elaboration and he failed altogether to identify any basis on which he might be entitled to statutory or equitable tolling. Compare [Doc. No. 1 at 5-6] with [Doc. No. 4 at 1-2].

Because Mr. Tariq has failed to comply with a lawful court order, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**. See LR 41.3A(2), NDGa.

In a § 2254 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. fol. § 2254, Rule 11(a). A § 2254 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2254 applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in

2

a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (internal quotation marks omitted)). Mr. Tariq has not demonstrated that he is entitled to federal habeas relief, that dismissal for failure to comply with a lawful court order is incorrect, or that both issues are reasonably debatable.

The undersigned therefore **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 26th day of June, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

3

```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION

SHARIF TARIQ                      :    HABEAS CORPUS
(a/k/a Robert Lewis Duffey),      :    28 U.S.C. § 2254
GDC No. 514054,                   :
     Petitioner,                  :
                                  :
     v.                           :    CIVIL ACTION NO.
                                  :    1:13-CV-612-TWT-ECS
GLEN JOHNSON, Warden,             :
     Respondent.                  :
```

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the

AO 72A
(Rev.8/82)

District Court and any appellate review of factual findings will be limited to a plain error review.  <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 26th day of June, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)